# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNIBRIGHT VENTURES GMBH and UNIBRIGHT IT GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> PROVIDE TECHNOLOGIES INC. <br><br> Defendant. | Case No. _____ |

## COMPLAINT

Plaintiffs Unibright Ventures GmBH ("Unibright Ventures") and Unibright IT GmbH ("Unibright IT") (collectively, "Plaintiffs"), for their Complaint against Defendant Provide Technologies Inc. ("Defendant"), allege as follows:

### NATURE OF THE ACTION

1. This is a breach of contract action between blockchain companies arising out of a confidential settlement agreement. Defendant has materially breached the payment provision of that agreement and has refused to cure its breach. Accordingly, Plaintiffs bring this action to recover monetary damages and attorneys' fees and expenses due to Plaintiffs under the agreement.

## PARTIES

2. Plaintiffs are German companies with their principal place of business located at Nahestr. 28, 55411 Bingen, Germany.

3. Plaintiffs are leaders in the business of enterprise blockchain integration, asset tokenization (through their business, *Freequity*), and related activities.

4. Plaintiff Unibright Ventures is the parent company for Plaintiff Unibright IT and owns 100% of its shares.

5. Defendant is a Georgia corporation with its principal place of business located at 107 Technology Pkwy NW Ste. 215, Atlanta, Georgia, 30092 and can be served through its registered agent, Registered Agents, Inc., at 300 Colonial Center Parkway, Ste. 100N, Roswell, Georgia 30076.

6. Defendant is in the PaaS/SaaS business, offering enterprise low-code distributed systems automation and architectures and related activities.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this is a civil action between foreign corporations and a Georgia corporation where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## FACTUAL BACKGROUND

9. On May 2, 2022, Defendant entered into a Confidential Settlement Agreement and Release with Plaintiffs. *See* Exhibit 1 (the "Agreement"), incorporated by reference and filed under seal pursuant to Section 7 of the Agreement.

10. The Agreement includes certain payment and default provisions. *See id.* at §§ 2, 17.

11. In particular, Section 2 of the Agreement sets forth a payment schedule and required Defendant to make a certain payment to Plaintiffs by July 1, 2022. *See id.* at § 2.

12. Defendant failed to make the payment to Plaintiffs by the July 1, 2022 deadline.

13. On July 11, 2022, Plaintiffs formally notified Defendant that Defendant was in default of its obligations under the Agreement. *See* Exhibit 2 (the "Default Notice").

14. The Default Notice also advised Defendant that, pursuant to Section 17 of the Agreement, Defendant had until July 25, 2022 to cure the default without further cost or penalty. *See id.* at § 17.

15. On July 11, 2022, Defendant's counsel confirmed that he received the Default Notice. *See* Exhibit 3.

16. Defendant failed to cure the default by the July 25, 2022 deadline.

17. To date, Defendant has not responded to the Default Notice, other than the July 11, 2022 email acknowledging receipt. *See id.*

## **COUNT I – BREACH OF CONTRACT**

18. Plaintiffs repeat the allegations in each of the foregoing paragraphs as if fully set forth herein.

19. Defendant entered into the Agreement with Plaintiffs. *See* Exhibit 1.

20. The Agreement is a valid and enforceable contract.

21. Plaintiffs have fully performed their obligations under the Agreement.

22. Defendant has materially breached the Agreement by failing and refusing to perform its obligations under the Agreement.

23. Defendant has materially breached the Agreement by failing and refusing to pay Plaintiffs in accordance with Section 2 of the Agreement. *See id.* at § 2.

24. Defendant is in default under Sections 2 and 17 of the Agreement. *See id.* at §§ 2, 17.

25. As a result of Defendant's conduct, Plaintiffs have been damaged in an amount to be determined at trial in excess of $75,000, exclusive of interest and costs.

### COUNT II—ATTORNEYS' FEES AND LITIGATION EXPENSES

26. Plaintiffs repeat the allegations in each of the foregoing paragraphs as if fully set forth herein.

27. Under Georgia law, attorneys' fees are recoverable when authorized by statute or by contract. *City of Lawrenceville v. Heard*, 194 Ga. App. 580, 582 (1990).

28. Pursuant to Section 16 of the Agreement, Defendant is also liable to Plaintiffs for attorneys' fees and costs. *See* Exhibit 1 at § 16.

29. Plaintiffs have incurred attorneys' fees and litigation expenses by bringing this action to collect amounts owed to Plaintiffs by Defendant under the Agreement in an amount to be determined at trial.

WHEREFORE, Plaintiffs Unibright Ventures GmBH and Unibright IT GmbH respectfully request that the Court:

1. Enter a judgment in favor of Plaintiffs and against Defendant for the monetary damages Plaintiffs have sustained or are otherwise entitled to recover as a result of Defendant's breach of the Agreement (<u>Exhibit 1</u>);

2. Award Plaintiffs the costs and expenses, including reasonable attorneys' fees and costs, incurred by Plaintiffs when enforcing the terms of the Agreement; and

3. Enter such other and further relief as the Court deems just and proper.

Respectfully submitted, this 28th day of July, 2022,[1] by Counsel for Plaintiffs Unibright Ventures GmBH and Unibright IT GmbH:

/s/ *Jeremy P. Burnette*
Jeremy P. Burnette
Ga. Bar No. 142467
AKERMAN LLP
999 Peachtree Street, N.E.
Suite 1700
Atlanta, GA 30309
Tel: (404) 733-9803
Fax: (404) 733-9903
jeremy.burnette@akerman.com

---

[1] This filing complies with Local Rule 7.1 and was prepared using 14-point Times New Roman font.

Brian C. Bianco
(*pro hac vice* application to be submitted; IL 6281029)
Julia R. Lissner
(*pro hac vice* application to be submitted; IL 6294431)
AKERMAN LLP
71 South Wacker Drive
46th Floor
Chicago, IL 60606
Tel: (312) 634-5700
Fax: (312) 424-1905
brian.bianco@akerman.com
julia.lissner@akerman.com